United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH COOPER,<br>Plaintiff,<br>v.<br>STATE OF CA PAROLE, et al.,<br>Defendants. | Case No. 26-cv-01605 EJD (PR)<br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, an inmate at the San Francisco County Jail #3, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against employees for the City and County of San Francisco. Dkt. No. 1 at 2-3. On June 8, 2026, the Court screened the complaint and granted leave to amend to correct the deficiencies with respect to various claims. Dkt. No. 9. In the alternative, Plaintiff could file notice that he wished to strike the deficient claims and proceed on the cognizable excessive force claim against Defendant Deputy Mohamed. Id. at 4. Plaintiff was advised that failure to respond to the order in the time provided would result in the dismissal with prejudice of the deficient claims for failure to state a claim and the action proceeding on the cognizable claims. Id.

The time to respond has passed with no response from Plaintiff. Accordingly, the Court will dismiss the deficient claims with prejudice and order service of the cognizable claim against Defendant Mohamed.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

United States District Court
Northern District of California

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

Below is the Court's discussion of the cognizable claims in the complaint from the screening order:

> Plaintiff names the following as defendants: (1) Parole agents Neil Chu and Jvon Lewis; (2) DA Lisa Culbertson and "PA" Jasmine Ortega; (3) Sheriff Deputy 2543 Mohamed; and (4) San Francisco Sheriff Department "officers." Dkt. No. 1 at 2-3.
>
> Plaintiff alleges "false imprisonment" and that he has been in jail since "01-14-2026 my discharged off parole." Id. at 3. He states that he was "beat up by Sheriff deputy." Id. Specifically, he alleges that on January 7, 2026, he was punched in the face by a deputy while his hands were behind his back. Id. at 4. He also claims that on January 16, 2026, his due process rights were violated by DA Lisa Culbertson and that "PA" Jasmine Ortega was removed from his case due to conflict of interest. Id. He claims that he got a black eye from Deputy Mohamed punching him in the face. Id. at 5. Plaintiff seeks damages. Id. at 7.
>
> Because Plaintiff refers to "false imprisonment" and a DA's involvement, it appears that Plaintiff is a pretrial detainee. The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)). To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). Liberally construed,

United States District Court
Northern District of California

> Plaintiff's allegations are sufficient to state an excessive force claim against Deputy Mohamed of the San Francisco County Sheriff's Department for punching Plaintiff in the face while his hands were behind his back.
>
> The allegations are otherwise insufficient to state a claim against any of the other named defendants….

Dkt. No. 9 at 2. Based on Plaintiff's failure to file an amended complaint to correct the deficiencies of several claims, this action shall proceed solely on the above identified cognizable claim against Defendant Mohamed, and all other claims and defendants shall be DISMISSED from the complaint.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed solely on the excessive force claim against **Defendant Deputy Mohamed (Sheriff Deputy 2543)**.

2. Any claims against named defendants other than Defendant Mohamed are **DISMISSED with prejudice** for failure to state a claim.

The Clerk shall terminate all other defendants from this action as all other claims have been dismissed from the complaint.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Dkt. No. 1), and a copy of this order upon **Defendant Deputy Mohamed (Sheriff Deputy 2543)** via the **Mayor's Office** (One Dr. Carlton B. Goodlett Place, Room 200, San Francisco, CA 94102, Attn. City Attorney). The Clerk shall also mail a copy of this order to Plaintiff.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate

factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil

Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: July 23, 2026

EDWARD J. DAVILA
United States District Judge